# EXHIBIT "A"
## ALL PLEADINGS, PROCESS, AND ORDERS FOR
## PAUL TAPIA V. HUNTINGTON PARK POLICE DEPARTMENT, ET AL.

| NO. | SERVICE OR FILE DATE | DESCRIPTION |
|---|---|---|
| 1 | F: 04/03/09 | Summons Filed |
| 2 | F: 04/03/09 | Complaint Filed |
| 3 | F: 05/12/09 | Notice of Motion and Motion to Transfer Action Filed by Defendant |
| 4 | F: 05/30/09 | Case Reassignment and Order Filed by Clerk |
| 5 | F: 06/04/09 | Huntington Park Defendants' Notice of Non-Opposition to Defendants' Motion to Transfer Action |
| 6 | F: 06/05/09 | Proof of Service (Re Notice of Case Reassignment) Filed by Plaintiff |
| 7 | S: 06/16/09 | Order to Transfer from South District to the Southeast District |
| 8 | F: 07/02/09 | Defendants' Notice of Ruling Regarding Defendants' Motion to Transfer, Filed by Defendants |
| 9 | S: 07/16/09 | Notice of Hearing on Demurrer and Demurrer Filed by Defendant |
| 10 | F: 07/16/09 | Defendants' Proposed Order Regarding Huntington Park Defendants' Notice of Demurrer and Demurrer to Plaintiff's Complaint |
| 11 | S: 07/16/09 | Motion to Strike Filed by Defendant |
| 12 | F: 07/16/09 | Defendants' Notice of Lodging of Federal Cases in Support of Huntington Park Defendants' Notice of Motion and Motion to Strike Portions of Plaintiff's Complaint |
| 13 | S: 07/16/09 | Defendants' Proposed Order Regarding Huntington Park Defendants' Motion to Strike Portions of Plaintiff's Complaint |
| 14 | F: 07/29/09 | Defendants' Notice of Continuance of Defendants' Demurrer and Motion to Strike Hearing from August 12, 2009 |
| 15 | F: 08/10/09 | Opposition to Defendants' Motion to Strike, Filed by Plaintiff |
| 16 | F: 08/10/09 | Opposition to Defendants' Demurrer, Filed by Plaintiff |
| 17 | F: 08/13/09 | Huntington Park Defendants' Reply to Plaintiff's Opposition to Defendants' Demurrer, Filed by Defendant |
| 18 | S: 08/13/09 | Huntington Park Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Strike |
| 19 | F: 09/17/09 | Notice of OSC and Trial Setting, Filed by Plaintiff |
| 20 | S: 09/21/09 | Plaintiff's First Amended Complaint |

| 21 | F: 09/28/09 | Defendants' Motion to Compel Responses to Form Interrogatories – Employment Law, Set One and Proposed Order |
| 22 | F: 09/28/09 | Defendants' Motion to Compel Responses to Form Interrogatories – General, Set One and Proposed Order |
| 23 | F: 10/16/09 | Defendants' Answer to Plaintiff's First Amended Complaint; Demand for Jury Trial |
| 24 | F: 10/16/09 | Notice of Taking Defendant City of Huntington Park's Motions to Compel Off Calendar |
| 25 | F: 10/19/09 | Defendants' First Amended Answer to Plaintiff's First Amended Complaint;  Demand for Jury Trial |

1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HUNTINGTON PARK POLICE DEPARTMENT, CITY OF HUNTINGTON
PARK, CHRIS LISNER, ALFONSO AMADOR, MICHAEL TREVIS,
PAUL WADLEY, ELBA GUERRERO, LEE ALIREZ AND DOES 1
through 50, inclusive

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 3 2009

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAUL TAPIA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>415 West Ocean Blvd.<br>Long Beach, CA 90802<br>South District | CASE NUMBER:<br>*(Número del Caso):*<br>NC052759 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanton T. Mathews   SBN:   99058        949-586-2235    949-586-1806
MATHEWS FUNK & ASSOCIATES
24012 Calle de la Plata
Laguna Hills, CA 92653

| | | | |
|---|---|---|---|
| DATE: JOHN A. CLARKE APR 0 3 2009<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
◊ Plus

2

**Mathews Funk & Associates**
**A Law Corp.**
24012 Calle de la Plata, Suite 320
Laguna Hills, California  92653
(949) 586-2235 Fax (949) 586-1806

Stanton T. Mathews          Bar No. 99058
Sid Greenbaum                Bar No. 76602

Attorneys for Plaintiff, PAUL TAPIA

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 3 2009

John A. Clarke, Executive Officer/Clerk

By _____ , Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SOUTH JUDICIAL DISTRICT

| | |
|---|---|
| PAUL TAPIA,<br><br>             Plaintiff,<br><br>vs.<br><br>HUNTINGTON PARK POLICE DEPARTMENT, CITY OF HUNTINGTON PARK, CHRIS LISNER, ALFONSO AMADOR, MICHAEL TREVIS, PAUL WADLEY, ELBA GUERRERO, LEE ALIREZ AND DOES 1 through 50, inclusive,<br><br>             Defendants. | CASE NO.  NC052759<br><br>COMPLAINT FOR:<br><br>1. Breach of Employment Contract<br>2. Tortious Retaliatory Termination of Employment in Violation of Public Policy<br>3. Negligent Infliction of Emotional Distress<br>4. Intentional Infliction of Emotional Distress<br>5. Defamation |

CASE MANAGEMENT CONFERENCE
SET FOR 8:30 a.m.

AUG 3 1 2009

## FACTS COMMON TO NUMEROUS CAUSES OF ACTION IN DEPARTMENT

1. Plaintiff, PAUL TAPIA,  is informed and believes and thereon alleges that Defendants HUNTINGTON PARK POLICE DEPARTMENT and CITY OF HUNTINGTON PARK are, and at all times relevant hereto were, government entities within the State of California.  Plaintiff filed a claim pursuant to Government Code §910 et seq. on or about December 22, 2008.  Said claim has been rejected by the respective governmental entities and/or statutorily by the passage of time.

---

1

**COMPLAINT**

2.   Defendants, ALFONSO AMADOR and  CHRIS LISNER are individuals who are employed in or reside in Los Angeles County,  California.

3. Plaintiff is informed and believes and based upon such information and belief alleges, that each of the defendants was acting as the agent or principal of each of the other defendants in doing the acts complained of herein and at all times was acting at the request and with the permission of each of the other defendants.

4.   Defendants DOES 1 through 50 are sued herein under fictitious names pursuant to *California Code of Civil Procedure* §474; these defendants are in some way liable for the damages sustained by Plaintiff; Plaintiff does not at this time know the true names or capacities of said defendants, but prays that the same may be inserted herein when ascertained.

5. In or about May of 2004, Plaintiff began employment as a sworn peace officer employed by the City of Colton, State of California, Colton Police Department.

6.   In or about June of 2007,  Defendant HUNTINGTON PARK POLICE DEPARTMENT,  contacted Plaintiff and offered him the opportunity to apply for employment. On or about July 9, 2007 Plaintiff became a probationary police officer with Defendant, CITY OF HUNTINGTON PARK,  HUNTINGTON PARK POLICE DEPARTMENT.

7. Prior to accepting employment with Defendant, Plaintiff expressed to Defendant's Chief of Police and other high level officers of  Defendant HUNTINGTON PARK POLICE DEPARTMENT that he, Plaintiff, had a concern that two members of the HUNTINGTON PARK POLICE DEPARTMENT would have animosity toward him and the opportunity to cause problems for Plaintiff, because of Plaintiff's friendship with a former Police Department Captain who had previously disciplined those two

---

2

**COMPLAINT**

members of the HUNTINGTON PARK POLICE DEPARTMENT.  The Chief of Police of Defendant HUNTINGTON PARK POLICE DEPARTMENT assured Plaintiff that he would personally prevent any harassment or retaliation being brought by those two members of the police department against Plaintiff if he accepted employment with Defendant, HUNTINGTON PARK POLICE DEPARTMENT.

8.  As a further incentive and in order to induce Plaintiff to accept employment with Defendant HUNTINGTON PARK POLICE DEPARTMENT,  the Chief of Police of HUNTINGTON PARK POLICE DEPARTMENT assured Plaintiff that upon completion of the 12-month probationary period,  Plaintiff would be immediately allowed to take the examination for  senior officer.  Additionally, Plaintiff was assured that if he accepted employment with Defendant,  he would begin employment as a top step probationary officer.

9.  Before accepting employment from Defendant HUNTINGTON PARK POLICE DEPARTMENT, Plaintiff was assured by Defendant HUNTINGTON PARK POLICE DEPARTMENT that he would have no problem completing his probationary period, and that he would obtain all of the rights of a vested police officer and employee of the CITY OF HUNTINGTON PARK.  Based upon these assurances offered by Defendant, Plaintiff withdrew his application for employment with a different police department and  accepted employment with HUNTINGTON PARK POLICE DEPARTMENT and began his training.

10.    Although the normal time for field training officers, even lateral officers with previous police department experience coming from other police departments is between 10 and 16 weeks, Plaintiff successfully completed the field training Officer program within four weeks of his beginning employment.

3

**COMPLAINT**

11.    Beginning within the first months of Plaintiff's employment with HUNTINGTON PARK POLICE DEPARTMENT, Defendant ALFONSO AMADOR, who is one of the officers about whom Plaintiff had expressed concern to the Chief of Police and other high-level officers prior to accepting employment, in fact, began a program of harassing, and disrespecting Plaintiff in the presence of other officers. This occurred on at least three occasions.

12. Eventually, this harassment escalated into an incident wherein Defendant-ALFONSO AMADOR said directly to Plaintiff in the presence of other officers, "Fuck" Rulon and his friends". Within minutes, Defendant ALFONSO AMADOR, in the same briefing room, in the presence of Plaintiff as well as the same officers who had witnessed his conduct towards Plaintiff, acted with insubordination towards a senior officer. Plaintiff then reported the conduct of Defendant ALFONSO AMADOR to the Watch Commander and filed a formal complaint.

13.    Thereafter Defendant ALFONSO AMADOR was placed on administrative leave. Within weeks, Defendant ALFONSO AMADOR was returned to work pending the outcome of an internal affairs investigation, and he was placed on the same shift as Plaintiff. Plaintiff thereafter complained to his Watch Commander that he believed it was inappropriate for the offending officer to be placed on Plaintiff's shift. The Watch Commander informed Plaintiff that he had resisted placing the offending officer on Plaintiff's shift but had been overruled by the Chief of Police.

14.    Shortly thereafter, Defendant CHRIS LISNER, who was a senior officer of the HUNTINGTON PARK POLICE DEPARTMENT, told Plaintiff that he was a close and personal friend of Defendant ALFONSO AMADOR. Defendant, CHRIS LISNER, then cautioned Plaintiff that he had better be very careful, because he was

4

**COMPLAINT**

1   still on probation and he, Defendant CHRIS LISNER,  would not allow him to cause

2   trouble for his close and personal friend.

3       15.   In May of 2008, Plaintiff was detailed by his Watch Commander to go to

4   a specific restaurant to pick up lunch for the Watch Commander and Dispatcher.

5   That restaurant was an establishment frequented by sworn officers of the

6   HUNTINGTON PARK POLICE DEPARTMENT.   It was, and had been, a long-

7   established policy of the restaurant to provide a discount on meals to police officers

8   of the HUNTINGTON PARK POLICE DEPARTMENT.  Despite the fact that virtually

9   all of the officers of the HUNTINGTON PARK POLICE DEPARTMENT, including the

10  Chief of Police, received a discount on meals from various restaurants in the area on

11  a regular basis, Plaintiff was unfairly singled out to be the subject of an internal affairs

12  investigation regarding his receipt of a meal discount.

13      16. On July 8, 2008,  Plaintiff, PAUL TAPIA,  completed his shift and at that

14  time had successfully completed his probationary period.  As a result of completing

15  his probationary period, he was vested and was, therefore, entitled to continuing

16

17  employment and could only be terminated for good cause.

18      17. On July 8, 2008 Plaintiff, PAUL TAPIA,  was called to return to the police

19  station to meet with Chief Wadley after he had completed his shift. Plaintiff was

20  forced to resign by Chief Wadley, who told him that if he did not resign, he would be

21  fired.  Plaintiff elected to resign, because he was assured by Chief Wadley that this

22  was the best way to protect his record so that he could obtain employment with

23  another police department.   Shortly thereafter, on the same day, Plaintiff, PAUL

24  TAPIA,  tried to withdraw his resignation and was not allowed to do so.

25      18.   At all times while employed by Defendants, Plaintiff performed his job

26  duties at a level which met or exceeded the standards set forth for him and others

27  similarly employed by defendants.

28

---

5

**COMPLAINT**

## FIRST CAUSE OF ACTION

### (Breach of Employment Contract

### Against

### Huntington Park Police Department, City of Huntington Park,  DOES 1 TO 10)

19.    The allegations set forth in paragraphs 1 through 18 are realleged and incorporated herein by reference.

20.    During the entire course of Plaintiff's employment with Defendants, there existed an express and implied-in-fact employment contract between Plaintiff and Defendants that, at the time of Plaintiff's discharge, included but was not limited to, the following terms and conditions:

      a.    Plaintiff would be able to continue his employment with Defendant indefinitely as long as he carried out his duties in a proper and competent manner;

      b.    Plaintiff would not be demoted, discharged, or otherwise disciplined, nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof.

21.    This employment contract was evidenced by various written documents, commendations, oral representations to Plaintiff by Defendants' agents and employees, and the parties' entire course of conduct, including the following:

      a.    Defendants' written personnel policies and discipline procedures;

      b.    The existence of an established policy within the Defendant company, which was known to and relied on by Plaintiff, that an employee such as

6

COMPLAINT

Plaintiff, who had performed service as a good and faithful employee, would have secure employment with Defendants; that an employee such as Plaintiff would be permitted to continue his employment unless discharged for good and sufficient cause; that an employee such as Plaintiff would not be discharged without good and sufficient cause; that an employee such as Plaintiff, with a grievance or complaint lodged against him, would be provided a meaningful opportunity to respond and improve; and that an employee such as Plaintiff would not be demoted, discharged, or disciplined without good and sufficient cause.

c.     Throughout his employment, Plaintiff was told by his superiors, orally and in writing, that he was doing a satisfactory job.  As a result of the above representations, Plaintiff came reasonably to expect and to rely on the promise of job security.  Such statements and acts by Defendants communicated to Plaintiff the idea that he had performed satisfactorily and that his job was secure.  Plaintiff in good faith relied on these representations and believed them to be true.

22. Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances, promises, and representations as listed in the preceding paragraphs caused him to believe that his employment was secure and that there existed a contract of continuous employment with defendants.

23.     Plaintiff understood and duly performed all conditions of the contract to be performed by him.  Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions required by this contract to be performed by him.

7

**COMPLAINT**

24.     Despite the representations made to Plaintiff and the reliance he placed on them, Defendants failed to carry out their responsibility under the terms of the employment contract and breached the contract in the following ways:

        a.      Subjecting Plaintiff to different standards from those set for other employees;

        b.      Terminating Plaintiff's employment  without cause and for reasons that have nothing to do with legitimate business justification, despite satisfactory job performance;

25.     As a proximate result of Defendants' breach, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits that he would have received had Defendants not breached said agreement, including but not limited to, expenses incurred in obtaining substitute employment, all to his damage in an amount according to proof.

## SECOND CAUSE OF ACTION

## (Tortious Termination in Violation of Public Policy

## Against

## Huntington Park Police Department,

## City of Huntington Park and DOES 1 TO 10)

26.     The allegations set forth in paragraphs 1 through 18, 20, 21, 23,and 25 are realleged and incorporated herein by reference.

///

///

8

COMPLAINT

27.     At all times mentioned in this complaint, *California Labor Code* §1102.5(b) was in full force and effect and was binding on Defendants. This section provided, in relevant part, that:

> **No employer shall retaliate against an employee for disclosing to a government or law enforcement agency their employers violation or noncompliance with the state or federal rule or regulation.**

28.     Plaintiff is informed and believes that the acts committed by Defendants and described above is contrary to state laws. Plaintiff is further informed and believes and thereon alleges that his reporting of the conduct of fellow officers was a protected activity under California law and was the basis for Defendants' decision to terminate him. As a result of discharging Plaintiff for engaging in a protected activity, defendant violated *Labor Code* §1102.6 as well as California common law.

29.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, PAUL TAPIA has sustained and continues to sustain substantial losses of earnings and other employment benefits.

30.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, PAUL TAPIA has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

**COMPLAINT**

31.     Defendants' conduct as described above was willful, despicable, knowing and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

32.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

## THIRD CAUSE OF ACTION

## (Negligent Infliction of Emotional Distress

## Against

## Defendants Alfonso Amador, Chris Lisner, Paul Wadley and DOES 1 TO 15)

33.     The allegations set forth in paragraphs 1 through 18, 20 through 25, and 27 through 32 are realleged and incorporated herein by reference.

34.     The acts of Defendants and each of them as alleged above were outrageous and caused Plaintiff to suffer anxiety and severe emotional and physical distress and suffering including but not limited to causing him to lose his home and causing him to be unable to provide needed care for his severely injured child.

35.     Defendants' conduct was done negligently and with disregard of the consequences to Plaintiff.

36.     As a result of Defendants' negligent infliction of emotional distress, Plaintiff has suffered and continues to suffer damages in an amount to be shown according to proof.

10

**COMPLAINT**

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress

### Against

### Defendants Huntington Park Police Department, City of Huntington Park,

### Alfonso Amador, Chris Lisner, Paul Wadley and DOES 1 TO 15)

37.  The allegations set forth in paragraphs 1 through 18, 20 through 25, 27 through 32 and 34  are realleged and incorporated herein by reference.

38.  The acts of Defendants and each of them as alleged above were outrageous, intentional, malicious and calculated to cause Plaintiff to suffer anxiety and severe emotional and physical distress and suffering.

39.     Defendants' conduct was done with wanton and reckless disregard of the consequences to Plaintiff.

40.     As a result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer damages in an amount to be shown according to proof.

41.     Defendants and each of them did the acts alleged herein maliciously, fraudulently and oppressively, and/or with the wrongful intention of injuring Plaintiff and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages in addition to compensatory damages from Defendants in an amount according to proof.

///

///

COMPLAINT

# FIFTH CAUSE OF ACTION

## (Defamation

## Against City of Huntington Park,

## Huntington Park Police Department, Alfonso Amador, Chris Lisner,

## Michael Trevis, Elba Guerrero, Lee Alirez and DOES 1 TO 15)

42.     The allegations set forth in paragraphs 1,2,3,4,6,10,14-18 are realleged and incorporated herein by reference.

43. Plaintiff is informed and believes and thereon alleges that, at the time Plaintiff was terminated, Defendants CITY OF HUNTINGTON PARK, HUNTINGTON PARK POLICE DEPARTMENT, ALFONSO AMADOR, CHRIS LISNER, MICHAEL TREVIS, LEE ALIREZ AND ELBA GUERRERO, intentionally misrepresented to persons in the company, as well as outside the company, that Plaintiff PAUL TAPIA had engaged in illegal activity.  Plaintiff is further informed and believes that at the time of his wrongful termination, Defendants and each of them intentionally misrepresented that Plaintiff PAUL TAPIA had engaged in misconduct and that Plaintiff was an incompetent and untrustworthy employee.  Such representations were false and Defendants knew them to be false at the time they were made.  In fact, Plaintiff had not engaged in misconduct or illegal activity and was at all material times a competent and trustworthy employee.

44. By the acts described herein Defendants caused to be published false and unprivileged communications tending directly to injure Plaintiff in his professional reputation.

12

**COMPLAINT**

45.  Plaintiff is informed and believes that at all times herein Defendants' management ratified and republished the above-described statements with the knowledge that they were false.

46.  The statements set forth above were published with express and implied malice by Defendants, and each of them, with the design and intent to injure Plaintiff in his good name, reputation and employment.

47.  As a proximate result of the defamatory statements made by Defendants, and each of them,  Plaintiff has suffered injury to his professional reputation, and further has suffered and continues to suffer embarrassment, humiliation, and anguish.

48.  Defendants and each of them committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, PAUL TAPIA, and with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAUL TAPIA, prays for judgment against Defendants as follows:

### As to the First Cause of Action

1.      For loss of earnings and other foreseeable damages resulting from Defendants' breach of contract;

2.      For costs incurred; and

---

13

COMPLAINT

3.     For such other and further relief as the Court deems just.

### As to the Second Cause of Action

1.     For lost wages according to proof;

2.     For general damages according to proof;

3.     For punitive damages in a sum sufficient to punish Defendants and set an example based upon Defendants' financial condition;

4.     For reasonable attorneys' fees;

5.     For costs incurred; and

6.     For such other and further relief as the Court deems just.

### As to the Third Cause of Action

1.     For general damages according to proof;

2.     For costs incurred; and

3.     For such other and further relief as the Court deems just.

### As to the Fourth Cause of Action

1.     For general damages according to proof;

2.     For punitive damages in a sum sufficient to punish Defendants and set an example based upon Defendants' financial condition;

3.     For reasonable attorneys' fees;

4.     For costs incurred; and

5.     For such other and further relief as the Court deems just.

14

**COMPLAINT**

### As to the Fifth Cause of Action

1.  For lost wages according to proof;

2.  For general damages according to proof;

3.  For punitive damages in a sum sufficient to punish Defendants and set an example based upon Defendants' financial condition;

4.  For reasonable attorneys' fees;

5.  For costs incurred; and

6.  For such other and further relief as the Court deems just.

DATED:  March 30, 2009            MATHEWS FUNK & ASSOCIATES
                                  A Law Corp.

                                  By:  STANTON T. MATHEWS
                                       Attorneys for Plaintiff, PAUL TAPIA

15

**COMPLAINT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Hon. Ross M. Klein | 11 | 200 | | | | |
| | Hon. Patrick T. Madden | B | 42 | | | | |
| | Hon. Joseph E. DiLoreto | H | 53 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV _____ 190 (Rev. 04/07)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and proof of service shall be filed within 60 days after the filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

**CONFORMED COPY**
OF ORIGINAL FILED

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Los Angeles Superior Court

APR 0 3 2009

COURTHOUSE ADDRESS: 505 S. Centre St., San Pedro 9073

John A. Clarke, Executive Officer/Clerk

PLAINTIFF:

By _____, Deputy

DEFENDANT:

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER: NC052759

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 8-31-09   Time: 8:30   Dept: 11

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410; Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:   JOHN A. CLARKE   APR 0 3 2009

ROSS M. KLEIN- JUDGE
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

Dated:   JOHN A. CLARKE   APR 0 3 2009

JOHN A. CLARKE, Executive/Officer Clerk

By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven



3

S. FRANK HARRELL, Esq. - (State Bar #133437)
PANCY LIN, Esq. - (State Bar #239684)
**LYNBERG & WATKINS**
A Professional Corporation
333 City Boulevard West, Suite 640
Orange, California 92868-5915

Telephone:  (714) 937-1010
Facsimile:   (714) 937-1003

Attorneys for Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR, PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ

[Government Code § 6103]

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 12 2009

John A. Clarke, Clerk

By _____
Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES, SOUTH DISTRICT

| | |
|---|---|
| PAUL TAPIA, | Case No.: NC052759 BY FAX |
| Plaintiff, | *Assigned for all purposes to:* |
| vs. | *Hon. Ross M. Klein, Dept. 11* |
| HUNTINGTON PARK POLICE DEPARTMENT, CITY OF HUNTINGTON PARK, CHRIS LISNER, ALFONSO AMADOR, MICHAEL TREVIS, PAUL WADLEY, ELBA GUERRERO, LEE ALIREZ, AND DOES 1 through 50, inclusive, | **NOTICE OF MOTION AND MOTION TO TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF PANCY LIN** |
| Defendants. | **NON-APPEARANCE HEARING** |
| | Hearing Date: June 16, 2009 |
| | Time:        8:30 a.m. |
| | Dept.:       1, Central District |
| | *Complaint filed: April 6, 2009* |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 16, 2009, at 8:30 a.m. in Dept. 1 of the Central District of the above-entitled court located at 111 North Hill Street, Los Angeles, California, Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR, PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ (the "Huntington Park Defendants") will, and hereby do, move this Court for an order transferring this action from the South District

1

NOTICE OF MOTION AND MOTION TO TRANSFER ACTION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT; DECLARATION OF PANCY LIN

1    of the Los Angeles Superior Court, San Pedro Courthouse, to the Southeast District of the Los

2    Angeles Superior Court, Norwalk Courthouse, on the grounds that this case has been filed in an

3    improper district because Plaintiff's Complaint and the causes of action therein all appear to arise

4    from acts undertaken and performed by the Huntington Park Police Department, within the City

5    of Huntington Park, for which the Norwalk Courthouse is the appropriate venue. <u>See</u>, <u>Cal. Civ.</u>

6    <u>Proc. Code</u>, § 394 (Actions by a private plaintiff for negligent injury to persons or property

7    occurring in the city or county are triable locally).  The court may for any reason transfer an

8    action or proceeding in one location to another location of the same court. <u>Cal. Civ. Proc. Code</u>,

9    § 402(b).

10          On May 7, 2009, defense counsel spoke with Plaintiff's counsel, Mr. Stanton T.

11   Mathews, and advised him that Defendants would be bringing this motion.  (Declaration of

12   Pancy Lin, ¶ 2).  Mr. Mathews explained that he filed this lawsuit in San Pedro because he

13   believed one of the individual defendants resided in Long Beach, but he could not recall which

14   one. Mr. Mathews did not indicate he opposed this motion.  (<u>Id.</u>).  However, he also did not

15   indicate he would stipulate to transfer this case.  (<u>Id.</u>).

16          This motion is based on this notice, the attached memorandum of points and authorities

17   in support and declaration of Pancy Lin, the records and files in this action, and any further

18   evidence and argument the Court will receive at or before the hearing on the motion.

19          **PLEASE TAKE FURTHER NOTICE** that this is a non-appearance hearing, and

20   counsel and parties are not required to appear and/or argue at said hearing.

21   DATED: May 12, 2009                     Respectfully submitted,
22                                           **LYNBERG & WATKINS**
                                             A Professional Corporation
23

24                          By: _____
25                                           S. FRANK HARRELL
                                             PANCY LIN
26                                           Attorneys for Defendants, CITY OF
                                             HUNTINGTON PARK, erroneously sued in part
27                                           herein as HUNTINGTON PARK POLICE
                                             DEPARTMENT, CHRIS LISNER, ALFONSO
28                                           AMADOR, PAUL WADLEY, ELBA
                                             GUERRERO, and LEE ALIREZ

                                             2

1                                 **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.**     **INTRODUCTION**

3         This action arises out of Plaintiff Paul Tapia's brief employment with the Huntington

4 Park Police Department, located within the City of Huntington Park.  Tapia alleges he was

5 wrongfully terminated during his probationary period with the Police Department, and has filed

6 suit seeking money damages.  (See, Complaint, attached to the Declaration of Pancy Lin as

7 Exhibit "A").  All of Tapia's allegations arise from actions undertaken by the Department within

8 the City of Huntington Park.  Therefore, because all of Tapia's alleged damages occurred in the

9 City of Huntington Park, this action appropriately belongs in the Southeast District of the Los

10 Angeles Superior Court, Norwalk Courthouse for which actions arising in Huntington Park are

11 heard and tried.

12  **II.**     **THIS CASE IS APPROPRIATELY HEARD IN THE NORWALK**

13         **COURTHOUSE, SOUTHEAST DISTRICT.**

14         Plaintiff's Complaint should have been filed in the Southeast District, Norwalk

15 Courthouse, rather than San Pedro.  The court may ***for any reason*** transfer an action or

16 proceeding in one location to another location of the same court.  Cal. Civ. Proc. Code, § 402(b).

17 Moreover, "if a plaintiff sues both a county and individual defendants who reside outside the

18 county, for injuries occurring within the county, [Cal. Civ. Proc. Code], section 394 requires the

19 suit to be tried in defendant county, even though the general venue rules would have permitted

20 trial in the county where the individual defendants reside. (*Tutor-Saliba-Perini Joint Venture v.*

21 *Superior Court* (1991) 233 Cal. App. 3d 736, 743 [285 Cal. Rptr. 1]; *Delgado v. Superior Court*

22 (1977) 74 Cal. App. 3d 560, 563-564 [141 Cal. Rptr. 528].)."  County of Orange v. Superior

23 Court, 73 Cal. App. 4th 1189, 1191-1192 (1999).

24         Here, Plaintiff sued the City of Huntington Park, which includes its Police Department, as

25 well as multiple individual defendants, all employees of the City.  As best as the Huntington Park

26 Defendants can ascertain from the vague allegations in the Complaint, it appears that Plaintiff is

27 claiming money damages for actions taken by the Police Department regarding Plaintiff's

28 employment therewith.  (See, Complaint, ¶¶ 5-18).  Because all of Plaintiff's allegations arise

NOTICE OF MOTION AND MOTION TO TRANSFER ACTION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT; DECLARATION OF PANCY LIN

1  from acts that occurred within the City of Huntington Park and its Police Department, the

2  appropriate court is the Norwalk Courthouse, which is located within the same district as the City

3  of Huntington Park.  The San Pedro Courthouse is located in the South District, which is not the

4  same district as the City of Huntington Park.  As such, Defendants respectfully request that this

5  case be transferred to its appropriate venue, the Norwalk Courthouse.

6          It is unclear from the pleadings Plaintiff served on Defendants on what basis Plaintiff

7  filed this suit in the San Pedro Courthouse.  Plaintiff did not serve with his Summons and

8  Complaint a copy of the "Civil Case Cover Sheet Addendum" which would have specified the

9  grounds for filing the action in the South District.  See, L.A. Sup.Ct. R., Rule 2.0 (The "Civil

10  Case Cover Sheet Addendum," which requires counsel to specify, under penalty of perjury, the

11  grounds for filing the action in the district where the action is filed, must be filed and served with

12  the summons and complaint).  Plaintiff vaguely alleges that two of the individual defendants are

13  employed in or reside in Los Angeles County (see, Complaint, ¶ 2), but provides no further

14  clarification of why this action belongs in or was filed in San Pedro.  Regardless of the individual

15  defendants' residence, all of Plaintiff's allegations arise from actions taken in relation to his brief

16  employment with the Huntington Park Police Department.  As such, regardless of the residence

17  of the individual defendants, this case belongs in the Norwalk Courthouse, Southeast District.

18  / / /

19  / / /

20  / / /

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO TRANSFER ACTION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT; DECLARATION OF PANCY LIN

III.   **CONCLUSION**

Because all of Plaintiff's allegations of damage arise from actions taken with regard to his brief employment with the Huntington Park Police Department in the City of Huntington Park, this action should be transferred from the San Pedro Courthouse to the Norwalk Courthouse, Southeast District.  Accordingly, Defendants respectfully request that the Court grant this motion in its entirety, and transfer this case to Norwalk.

DATED: May 12, 2009

Respectfully submitted,
**LYNBERG & WATKINS**
A Professional Corporation

By: _____
S. FRANK HARRELL
PANCY LIN
Attorneys for Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR, PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ

5

NOTICE OF MOTION AND MOTION TO TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF PANCY LIN

## DECLARATION OF PANCY LIN

I, Pancy Lin, declare as follows:

1.      I am an attorney at law licensed to practice before the courts of the state of California, and am an associate with the law firm of Lynberg & Watkins, A Professional Corporation, attorneys of record for Attorneys for Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR, PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ in the above-referenced matter.  I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would competently testify to the matters stated hereto.

2.      On May 7, 2009, I spoke with Plaintiff's counsel, Mr. Stanton T. Mathews, and advised him that Defendants would be bringing this motion.  Mr. Mathews explained that he filed this lawsuit in San Pedro because he believed one of the individual defendants resided in Long Beach, but he could not recall which one.  Mr. Mathews did not indicate he opposed this motion.  However, he also did not indicate he would stipulate to transfer this case.

3.      Attached hereto as Exhibit "A" is a true and correct copy of the Complaint, filed April 3, 2009.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of May, 2009, at Orange, California.

_____
PANCY LIN, Declarant

**NOTICE OF MOTION AND MOTION TO TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF PANCY LIN**

# EXHIBIT A

**Mathews Funk & Associates**
**A Law Corp.**
24012 Calle de la Plata, Suite 320
Laguna Hills, California 92653
(949) 586-2235 Fax (949) 586-1806

Stanton T. Mathews     Bar No. 99058
Sid Greenbaum          Bar No. 76602

Attorneys for Plaintiff, PAUL TAPIA

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 3 2009

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, SOUTH JUDICIAL DISTRICT

PAUL TAPIA,

    Plaintiff,

vs.

HUNTINGTON PARK POLICE DEPARTMENT, CITY OF HUNTINGTON PARK, CHRIS LISNER, ALFONSO AMADOR, MICHAEL TREVIS, PAUL WADLEY, ELBA GUERRERO, LEE ALIREZ AND DOES 1 through 50, inclusive,

    Defendants.

CASE NO. NC052759

COMPLAINT FOR:

1. Breach of Employment Contract
2. Tortious Retaliatory Termination of Employment in Violation of Public Policy
3. Negligent Infliction of Emotional Distress
4. Intentional Infliction of Emotional Distress
5. Defamation

CASE MANAGEMENT CONFERENCE
SET FOR 8:30 a.m.

AUG 3 1 2009
IN DEPARTMENT

**FACTS COMMON TO NUMEROUS CAUSES OF ACTION**

  1.  Plaintiff, PAUL TAPIA,  is informed and believes and thereon alleges that

Defendants HUNTINGTON PARK POLICE DEPARTMENT and CITY OF

HUNTINGTON PARK are, and at all times relevant hereto were, government entities

within the State of California.  Plaintiff filed a claim pursuant to Government Code

§910 et seq. on or about December 22, 2008.  Said claim has been rejected by the

respective governmental entities and/or statutorily by the passage of time.

---

1

COMPLAINT

2.   Defendants, ALFONSO AMADOR and CHRIS LISNER are individuals who are employed in or reside in Los Angeles County, California.

3. Plaintiff is informed and believes and based upon such information and belief alleges, that each of the defendants was acting as the agent or principal of each of the other defendants in doing the acts complained of herein and at all times was acting at the request and with the permission of each of the other defendants.

4.   Defendants DOES 1 through 50 are sued herein under fictitious names pursuant to *California Code of Civil Procedure* §474; these defendants are in some way liable for the damages sustained by Plaintiff; Plaintiff does not at this time know the true names or capacities of said defendants, but prays that the same may be inserted herein when ascertained.

5. In or about May of 2004, Plaintiff began employment as a sworn peace officer employed by the City of Colton, State of California, Colton Police Department.

6.   In or about June of 2007, Defendant HUNTINGTON PARK POLICE DEPARTMENT, contacted Plaintiff and offered him the opportunity to apply for employment. On or about July 9, 2007 Plaintiff became a probationary police officer with Defendant, CITY OF HUNTINGTON PARK, HUNTINGTON PARK POLICE DEPARTMENT.

7. Prior to accepting employment with Defendant, Plaintiff expressed to Defendant's Chief of Police and other high level officers of Defendant HUNTINGTON PARK POLICE DEPARTMENT that he, Plaintiff, had a concern that two members of the HUNTINGTON PARK POLICE DEPARTMENT would have animosity toward him and the opportunity to cause problems for Plaintiff, because of Plaintiff's friendship with a former Police Department Captain who had previously disciplined those two

---

2

**COMPLAINT**

members of the HUNTINGTON PARK POLICE DEPARTMENT.  The Chief of Police of Defendant HUNTINGTON PARK POLICE DEPARTMENT assured Plaintiff that he would personally prevent any harassment or retaliation being brought by those two members of the police department against Plaintiff if he accepted employment with Defendant, HUNTINGTON PARK POLICE DEPARTMENT.

8.  As a further incentive and in order to induce Plaintiff to accept employment with Defendant HUNTINGTON PARK POLICE DEPARTMENT,  the Chief of Police of HUNTINGTON PARK POLICE DEPARTMENT assured Plaintiff that upon completion of the 12-month probationary period,  Plaintiff would be immediately allowed to take the examination for  senior officer.  Additionally, Plaintiff was assured that if he accepted employment with Defendant,  he would begin employment as a top step probationary officer.

9.  Before accepting employment from Defendant HUNTINGTON PARK POLICE DEPARTMENT, Plaintiff was assured by Defendant HUNTINGTON PARK POLICE DEPARTMENT that he would have no problem completing his probationary period, and that he would obtain all of the rights of a vested police officer and employee of the CITY OF HUNTINGTON PARK.  Based upon these assurances offered by Defendant, Plaintiff withdrew his application for employment with a different police department and  accepted employment with HUNTINGTON PARK POLICE DEPARTMENT and began his training.

10.    Although the normal time for field training officers, even lateral officers with previous police department experience coming from other police departments is between 10 and 16 weeks, Plaintiff successfully completed the field training Officer program within four weeks of his beginning employment.

---

3

COMPLAINT

11.    Beginning within the first months of Plaintiff's employment with HUNTINGTON PARK POLICE DEPARTMENT, Defendant ALFONSO AMADOR, who is one of the officers about whom Plaintiff had expressed concern to the Chief of Police and other high-level officers prior to accepting employment, in fact, began a program of harassing, and disrespecting Plaintiff in the presence of other officers. This occurred on at least three occasions.

12. Eventually, this harassment escalated into an incident wherein Defendant-ALFONSO AMADOR said directly to Plaintiff in the presence of other officers, "Fuck" Rulon and his friends". Within minutes, Defendant ALFONSO AMADOR, in the same briefing room, in the presence of Plaintiff as well as the same officers who had witnessed his conduct towards Plaintiff, acted with insubordination towards a senior officer. Plaintiff then reported the conduct of Defendant ALFONSO AMADOR to the Watch Commander and filed a formal complaint.

13.    Thereafter Defendant ALFONSO AMADOR was placed on administrative leave. Within weeks, Defendant ALFONSO AMADOR was returned to work pending the outcome of an internal affairs investigation, and he was placed on the same shift as Plaintiff. Plaintiff thereafter complained to his Watch Commander that he believed it was inappropriate for the offending officer to be placed on Plaintiff's shift. The Watch Commander informed Plaintiff that he had resisted placing the offending officer on Plaintiff's shift but had been overruled by the Chief of Police.

14.    Shortly thereafter, Defendant CHRIS LISNER, who was a senior officer of the HUNTINGTON PARK POLICE DEPARTMENT, told Plaintiff that he was a close and personal friend of Defendant ALFONSO AMADOR. Defendant, CHRIS LISNER, then cautioned Plaintiff that he had better be very careful, because he was

COMPLAINT

1    still on probation and he, Defendant CHRIS LISNER, would not allow him to cause

2    trouble for his close and personal friend.

3          15.    In May of 2008, Plaintiff was detailed by his Watch Commander to go to

4    a specific restaurant to pick up lunch for the Watch Commander and Dispatcher.

5    That restaurant was an establishment frequented by sworn officers of the

6    HUNTINGTON PARK POLICE DEPARTMENT.   It was, and had been, a long-

7    established policy of the restaurant to provide a discount on meals to police officers

8    of the HUNTINGTON PARK POLICE DEPARTMENT.  Despite the fact that virtually

9    all of the officers of the HUNTINGTON PARK POLICE DEPARTMENT, including the

10   Chief of Police, received a discount on meals from various restaurants in the area on

11   a regular basis, Plaintiff was unfairly singled out to be the subject of an internal affairs

12   investigation regarding his receipt of a meal discount.

13         16. On July 8, 2008,  Plaintiff, PAUL TAPIA,  completed his shift and at that

14   time had successfully completed his probationary period.  As a result of completing

15   his probationary period, he was vested and was, therefore, entitled to continuing

16   employment and could only be terminated for good cause.

17

18         17.  On July 8, 2008 Plaintiff, PAUL TAPIA,  was called to return to the police

19   station to meet with Chief Wadley after he had completed his shift. Plaintiff was

20   forced to resign by Chief Wadley, who told him that if he did not resign, he would be

21   fired.  Plaintiff elected to resign, because he was assured by Chief Wadley that this

22   was the best way to protect his record so that he could obtain employment with

23   another police department.   Shortly thereafter, on the same day, Plaintiff, PAUL

24   TAPIA,  tried to withdraw his resignation and was not allowed to do so.

25         18.    At all times while employed by Defendants, Plaintiff performed his job

26   duties at a level which met or exceeded the standards set forth for him and others

27   similarly employed by defendants.

28

---

5

**COMPLAINT**

# FIRST CAUSE OF ACTION

## (Breach of Employment Contract

## Against

## Huntington Park Police Department, City of Huntington Park.  DOES 1 TO 10)

19.   The allegations set forth in paragraphs 1 through 18 are realleged and incorporated herein by reference.

20.   During the entire course of Plaintiff's employment with Defendants, there existed an express and implied-in-fact employment contract between Plaintiff and Defendants that, at the time of Plaintiff's discharge, included but was not limited to, the following terms and conditions:

     a.   Plaintiff would be able to continue his employment with Defendant indefinitely as long as he carried out his duties in a proper and competent manner;

     b.   Plaintiff would not be demoted, discharged, or otherwise disciplined, nor would Plaintiff's job functions be reassigned for other than good cause with notice thereof.

21.   This employment contract was evidenced by various written documents, commendations, oral representations to Plaintiff by Defendants' agents and employees, and the parties' entire course of conduct, including the following:

     a.   Defendants' written personnel policies and discipline procedures;

     b.   The existence of an established policy within the Defendant company, which was known to and relied on by Plaintiff, that an employee such as

Plaintiff, who had performed service as a good and faithful employee, would have secure employment with Defendants; that an employee such as Plaintiff would be permitted to continue his employment unless discharged for good and sufficient cause; that an employee such as Plaintiff would not be discharged without good and sufficient cause; that an employee such as Plaintiff, with a grievance or complaint lodged against him, would be provided a meaningful opportunity to respond and improve; and that an employee such as Plaintiff would not be demoted, discharged, or disciplined without good and sufficient cause.

      c.     Throughout his employment, Plaintiff was told by his superiors, orally and in writing, that he was doing a satisfactory job.  As a result of the above representations, Plaintiff came reasonably to expect and to rely on the promise of job security.  Such statements and acts by Defendants communicated to Plaintiff the idea that he had performed satisfactorily and that his job was secure.  Plaintiff in good faith relied on these representations and believed them to be true.

    22.  Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances, promises, and representations as listed in the preceding paragraphs caused him to believe that his employment was secure and that there existed a contract of continuous employment with defendants.

    23.    Plaintiff understood and duly performed all conditions of the contract to be performed by him.  Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions required by this contract to be performed by him.

7

**COMPLAINT**

24.     Despite the representations made to Plaintiff and the reliance he placed on them, Defendants failed to carry out their responsibility under the terms of the employment contract and breached the contract in the following ways:

a.     Subjecting Plaintiff to different standards from those set for other employees;

b.     Terminating Plaintiff's employment  without cause and for reasons that have nothing to do with legitimate business justification, despite satisfactory job performance;

25.     As a proximate result of Defendants' breach, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits that he would have received had Defendants not breached said agreement, including but not limited to, expenses incurred in obtaining substitute employment, all to his damage in an amount according to proof.

### SECOND CAUSE OF ACTION

### (Tortious Termination in Violation of Public Policy

### Against

### Huntington Park Police Department,

### City of Huntington Park and DOES 1 TO 10)

26.     The allegations set forth in paragraphs 1 through 18, 20, 21, 23, and 25 are realleged and incorporated herein by reference.

///

///

27. At all times mentioned in this complaint, *California Labor Code* §1102.5(b) was in full force and effect and was binding on Defendants. This section provided, in relevant part, that:

> **No employer shall retaliate against an employee for disclosing to a government or law enforcement agency their employers violation or noncompliance with the state or federal rule or regulation.**

28. Plaintiff is informed and believes that the acts committed by Defendants and described above is contrary to state laws. Plaintiff is further informed and believes and thereon alleges that his reporting of the conduct of fellow officers was a protected activity under California law and was the basis for Defendants' decision to terminate him. As a result of discharging Plaintiff for engaging in a protected activity, defendant violated *Labor Code* §1102.6 as well as California common law.

29. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, PAUL TAPIA has sustained and continues to sustain substantial losses of earnings and other employment benefits.

30. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, PAUL TAPIA has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

9

**COMPLAINT**

31.    Defendants' conduct as described above was willful, despicable, knowing and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

32.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress

### Against

### Defendants Alfonso Amador, Chris Lisner, Paul Wadley and DOES 1 TO 15)

33.    The allegations set forth in paragraphs 1 through 18, 20 through 25, and 27 through 32 are realleged and incorporated herein by reference.

34.    The acts of Defendants and each of them as alleged above were outrageous and caused Plaintiff to suffer anxiety and severe emotional and physical distress and suffering including but not limited to causing him to lose his home and causing him to be unable to provide needed care for his severely injured child.

35.    Defendants' conduct was done negligently and with disregard of the consequences to Plaintiff.

36.    As a result of Defendants' negligent infliction of emotional distress, Plaintiff has suffered and continues to suffer damages in an amount to be shown according to proof.

10

COMPLAINT

FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress

Against

Defendants Huntington Park Police Department, City of Huntington Park,

Alfonso Amador, Chris Lisner, Paul Wadley and DOES 1 TO 15)

37.  The allegations set forth in paragraphs 1 through 18, 20 through 25, 27 through 32 and 34  are realleged and incorporated herein by reference.

38.  The acts of Defendants and each of them as alleged above were outrageous, intentional, malicious and calculated to cause Plaintiff to suffer anxiety and severe emotional and physical distress and suffering.

39.   Defendants' conduct was done with wanton and reckless disregard of the consequences to Plaintiff.

40.   As a result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer damages in an amount to be shown according to proof.

41.   Defendants and each of them did the acts alleged herein maliciously, fraudulently and oppressively, and/or with the wrongful intention of injuring Plaintiff and/or with conscious disregard of the rights and safety of Plaintiff, and/or with an improper and evil motive amounting to malice. Plaintiff is thus entitled to recover punitive damages in addition to compensatory damages from Defendants in an amount according to proof.

///

///

11

COMPLAINT

### FIFTH CAUSE OF ACTION

### (Defamation

### Against City of Huntington Park,

### Huntington Park Police Department, Alfonso Amador, Chris Lisner,

### Michael Trevis, Elba Guerrero, Lee Alirez and DOES 1 TO 15)

42.    The allegations set forth in paragraphs 1,2,3,4,6,10,14-18 are realleged and incorporated herein by reference.

43. Plaintiff is informed and believes and thereon alleges that, at the time Plaintiff was terminated, Defendants CITY OF HUNTINGTON PARK, HUNTINGTON PARK POLICE DEPARTMENT, ALFONSO AMADOR, CHRIS LISNER, MICHAEL TREVIS, LEE ALIREZ AND ELBA GUERRERO, intentionally misrepresented to persons in the company, as well as outside the company, that Plaintiff PAUL TAPIA had engaged in illegal activity.  Plaintiff is further informed and believes that at the time of his wrongful termination, Defendants and each of them intentionally misrepresented that Plaintiff PAUL TAPIA had engaged in misconduct and that Plaintiff was an incompetent and untrustworthy employee.  Such representations were false and Defendants knew them to be false at the time they were made.  In fact, Plaintiff had not engaged in misconduct or illegal activity and was at all material times a competent and trustworthy employee.

44. By the acts described herein Defendants caused to be published false and unprivileged communications tending directly to injure Plaintiff in his professional reputation.

---

12

COMPLAINT

45.  Plaintiff is informed and believes that at all times herein Defendants' management ratified and republished the above-described statements with the knowledge that they were false.

46.  The statements set forth above were published with express and implied malice by Defendants, and each of them, with the design and intent to injure Plaintiff in his good name, reputation and employment.

47.  As a proximate result of the defamatory statements made by Defendants, and each of them,  Plaintiff has suffered injury to his professional reputation, and further has suffered and continues to suffer embarrassment, humiliation, and anguish.

48.  Defendants and each of them committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, PAUL TAPIA, and with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAUL TAPIA, prays for judgment against Defendants as follows:

### As to the First Cause of Action

1.    For loss of earnings and other foreseeable damages resulting from Defendants' breach of contract;

2.    For costs incurred; and

13

COMPLAINT

3.      For such other and further relief as the Court deems just.

### As to the Second Cause of Action

1.      For lost wages according to proof;

2.      For general damages according to proof;

3.      For punitive damages in a sum sufficient to punish Defendants and set an example based upon Defendants' financial condition;

4.      For reasonable attorneys' fees;

5.      For costs incurred; and

6.      For such other and further relief as the Court deems just.

### As to the Third Cause of Action

1.      For general damages according to proof;

2.      For costs incurred; and

3.      For such other and further relief as the Court deems just.

### As to the Fourth Cause of Action

1.      For general damages according to proof;

2.      For punitive damages in a sum sufficient to punish Defendants and set an example based upon Defendants' financial condition;

3.      For reasonable attorneys' fees;

4.      For costs incurred; and

5.      For such other and further relief as the Court deems just.

14

**COMPLAINT**

### As to the Fifth Cause of Action

1.   For lost wages according to proof;

2.   For general damages according to proof;

3.   For punitive damages in a sum sufficient to punish Defendants and set an example based upon Defendants' financial condition;

4.   For reasonable attorneys' fees;

5.   For costs incurred; and

6.   For such other and further relief as the Court deems just.


DATED:  March 30, 2009               MATHEWS FUNK & ASSOCIATES
                                     A Law Corp.


                                     By: _____
                                         STANTON T. MATHEWS
                                         Attorneys for Plaintiff, PAUL TAPIA

---

15

COMPLAINT

Re:         Tapia v. Huntington Park Police Department
Case No.:   NC052759

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action; my business is 333 City Boulevard West, Suite 640, Orange, California 92868-5915; Telephone:  (714) 937-1010;  Facsimile:  (714) 937-1003.

    On **May 12, 2009**, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO TRANSFER ACTION;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;  DECLARATION OF PANCY LIN** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Stanton T. Mathews, Esq.
Sid Greenbaum, Esq.
Mathews Funk & Associates
A Law Corporation
24012 Calle de la Plata, Suite 320
Laguna Hills, CA 92653

(949) 586-2235 Telephone
(949) 586-1806 Facsimile

**Counsel for Plaintiff COSME LOZANO**

☒   **BY MAIL**:  I deposited such envelope in the mail at Orange, California.

☐   **BY PERSONAL SERVICE**:  I had macro  deliver such envelope by hand to the office of.

☐   **BY FACSIMILE TRANSMISSION**:  The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine.

☒   **(State)**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   **(Federal)**:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 12, 2009**, at Orange, California.

**PIA BORETO-MOSH**

i

4



NOTICE SENT TO:

MATHEWS FUNK & ASSOCIATES
24012 CALLE DE PLATA
SUITE 320
LAGUNA HILLS        CA   92653

FILE STAMP

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| PAUL TAPIA | **CASE NUMBER** |
| Plaintiff(s), | NC052759 |
| VS. | |
| HUNTINGTON PARK POLICE DEPARTMENT, ET A | **Notice of Case Reassignment and of Order for Plaintiff to Give Notice** |
| Defendant(s). | |

### TO ALL PLAINTIFFS AND/OR PLAINTIFF ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that effective June 15, 2009, the above-entitled action, presently assigned to Department 11, Room 31 of the South District, Long Beach Courthouse shall be reassigned to Department 86 of the South District, 505 S. Centre Street, San Pedro, CA 90731, (310) 519-6004. All matters on calendar in this case will remain set on the dates and times previously noticed, before Judge Ross M. Klein, unless otherwise ordered by the Court. Plaintiff to give notice.

Date: MAY 3 0 2009 _____

_____
Supervising Judge, Arthur Jean

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Reassignment - Long Beach upon each party or counsel named above by depositing in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

JUN 0 1 2009
Dated: May 30, 2009 SL

JOHN A. CLARKE, Executive Officer/
Clerk of the Superior Court

E. Villanueva

By _____, Deputy

### NOTICE OF REASSIGNMENT - LONG BEACH

5

1  S. FRANK HARRELL, Esq. – State Bar #133437          *Government Code § 6103*
   PANCY LIN, Esq. – State Bar #239684
2  **LYNBERG & WATKINS**
   A Professional Corporation
3  333 City Boulevard West, Suite 640
   Orange, California 92868-5915
4  (714) 937-1010  Telephone
   (714) 937-1003  Facsimile
5
   Attorneys for Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as
6  HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR,
   PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ
7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES – SOUTH DISTRICT

10
   PAUL TAPIA,                             CASE NO: NC052759
11
             Plaintiff,                    *Assigned for All Purposes to the*
12                                         *Honorable Ross M. Klein, Dept. 11*
          vs.
13                                         **HUNTINGTON PARK DEFENDANTS'**
   HUNTINGTON PARK POLICE                  **NOTICE OF NON-OPPOSITION TO**
14 DEPARTMENT, CITY OF HUNTINGTON          **DEFENDANTS' MOTION TO**
   PARK, CHRIS LISNER, ALFONSO             **TRANSFER ACTION; DECLARATION**
15 AMADOR, MICHAEL TREVIS, PAUL            **OF PANCY LIN**
   WADLEY, ELBA GUERRERO, LEE
16 ALIREZ, AND DOES 1 through 50, inclusive, **NON-APPEARANCE HEARING**
                                           Hearing Date: June 16, 2009
17          Defendants.                    Time:         8:30 a.m.
                                           Dept.:        1, Central District
18
19                                         *Complaint filed: April 6, 2009*

20      TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF

21 RECORD:

22      Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as

23 HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR,

24 PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ (hereinafter the "Huntington Park

25 Defendants") hereby submit their Notice of Non-Opposition Re: the Huntington Park Defendants'

26 Notice of Motion and Motion to Transfer Action.

27      On or about May 12, 2009, the Huntington Park Defendants filed and served their Notice

28
                                         1
   **HUNTINGTON PARK DEFENDANTS' NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTION**
                **TO TRANSFER ACTION; DECLARATION OF PANCY LIN**

1  of Motion and Motion to Transfer Action. The hearing date is set for June 16, 2009. On June 2,

2  2009, defense counsel spoke with Plaintiff's counsel wherein Plaintiff's counsel indicated he

3  would not oppose the Huntington Park Defendants' Motion to Transfer this case to the Norwalk

4  Courthouse. Accordingly, Defendants respectfully request that the Court grant its motion in its

5  entirety, and transfer this case to Norwalk

6  DATED: June 3, 2009                          **LYNBERG & WATKINS**
                                                 A Professional Corporation

7

8                                    By: _____

9                                        **S. FRANK HARRELL**
                                         **PANCY LIN**
10                                       Attorneys for Defendants, CITY OF
                                         HUNTINGTON PARK, erroneously sued in part
11                                       herein as HUNTINGTON PARK POLICE
                                         DEPARTMENT, LEE ALIREZ and PAUL
12                                       WADLEY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              2

**DECLARATION OF PANCY LIN**

I, PANCY LIN, declare as follows:

1.      I am an attorney at law licensed to practice before the courts of the state of California, and I am an associate with the Law Firm of Lynberg & Watkins a Professional Corporation, attorneys of record for Defendants, CITY OF HUNTINGTON PARK, erroneously sued in part herein as HUNTINGTON PARK POLICE DEPARTMENT, CHRIS LISNER, ALFONSO AMADOR, PAUL WADLEY, ELBA GUERRERO, and LEE ALIREZ (hereinafter the "Huntington Park Defendants") herein.

2.      I have personal knowledge of the facts set forth in this declaration and if called upon to testify I could and would competently do so with respect to the information contained herein as follows.

3.      On or about May 12, 2009, the Huntington Park Defendants filed and served their Notice of Motion and Motion to Transfer Action.  The hearing date is set for June 16, 2009.

4.      On June 2, 2009, I spoke to Plaintiff's counsel, Mr. Mathews, who indicated that Plaintiff does not oppose the Huntington Park Defendants' Motion to Transfer this action to the Norwalk Courthouse.

5.      Accordingly, in light of the above, the Huntington Park Defendants respectfully request that this Court grant the Motion to Transfer in its entirety, and transfer this case to the Norwalk Courthouse.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 3rd day of June 2009, in Orange, California.


_____

PANCY LIN, Declarant

HUNTINGTON PARK DEFENDANTS' NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER ACTION; DECLARATION OF PANCY LIN

Re:          Tapia v. Huntington Park Police Department
Case No.:    NC052759

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action; my business is 333 City Boulevard West, Suite 640, Orange, California 92868-5915; Telephone:  (714) 937-1010;  Facsimile:  (714) 937-1003.

On **June 3, 2009,** I served the foregoing document described as **HUNTINGTON PARK DEFENDANTS' NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER ACTION;  DECLARATION OF PANCY LIN** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Stanton T. Mathews, Esq.
Sid Greenbaum, Esq.
Mathews Funk & Associates
A Law Corporation
24012 Calle de la Plata, Suite 320
Laguna Hills, CA 92653

(949) 586-2235 Telephone
(949) 586-1806 Facsimile

**Counsel for Plaintiff COSME LOZANO**

☒   **BY MAIL:**  I deposited such envelope in the mail at Orange, California.

☐   **BY PERSONAL SERVICE:**  I had __        deliver such envelope by hand to the office of.

☐   **BY FACSIMILE TRANSMISSION:**  The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine.

☒   **(State):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   **(Federal):**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 3, 2009,** at Orange, California.

_____
PIA BORETO-MOSH

i

6

**Mathews Funk & Associates**
**A Law Corp.**
24012 Calle de la Plata, Suite 320
Laguna Hills, California  92653
(949) 586-2235 Fax (949) 586-1806

Stanton T. Mathews     Bar No. 99058
Sid Greenbaum          Bar No. 76602

Attorneys for Plaintiff, PAUL TAPIA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, SOUTH JUDICIAL DISTRICT

|  |  |
|---|---|
| PAUL TAPIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>HUNTINGTON PARK POLICE DEPARTMENT, CITY OF HUNTINGTON PARK, et al.,<br><br>                    Defendants. | CASE NO. NC052759<br><br>Assigned to:  Hon. Ross M. Klein<br>Dept:          11<br><br>**PROOF OF SERVICE RE NOTICE OF CASE REASSIGNMENT**<br><br>Complaint Filed:  April 6, 2009 |

1

PROOF OF SERVICE RE NOTICE OF CASE REASSIGNMENT

NOTICE SENT TO:

MATHEWS FUNK & ASSOCIATES
24012 CALLE DE PLATA
SUITE 320
LAGUNA HILLS          CA  92653

FILE STAMP

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| PAUL TAPIA | | CASE NUMBER |
| | Plaintiff(s), | NC052759 |
| VS. | | |
| HUNTINGTON PARK POLICE DEPARTMENT, ET A | | **Notice of Case Reassignment and of Order for Plaintiff to Give Notice** |
| | Defendant(s). | |

**TO ALL PLAINTIFFS AND/OR PLAINTIFF ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that effective June 15, 2009, the above-entitled action, presently assigned to Department 11, Room 31 of the South District, Long Beach Courthouse shall be reassigned to Department 86 of the South District, 505 S. Centre Street, San Pedro, CA 90731, (310) 519-6004. All matters on calendar in this case will remain set on the dates and times previously noticed, before Judge Ross M. Klein, unless otherwise ordered by the Court.  Plaintiff to give notice.

Date: MAY 30 2009 _____

Supervising Judge, Arthur Jean

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Reassignment - Long Beach upon each party or counsel named above by depositing in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Dated: May 30 2009   JUN 0 1 2009   SL

JOHN A. CLARKE, Executive Officer/
Clerk of the Superior Court

By _____, Deputy
E. Villanueva

### NOTICE OF REASSIGNMENT - LONG BEACH

**PROOF OF SERVICE**
[*Tapia v. City of Huntington Park,  et al.*]

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action my business address is 24012 Calle de la Plata, Suite 320, Laguna Hills, California  92653.

On June 4, 2009, I served the foregoing document described as: **PROOF OF SERVICE RE NOTICE OF CASE REASSIGNMENT** on all  parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

PANCY LIN, ESQUIRE
LYNBERG & WATKINS
333 City Blvd. West, Ste. 640
Orange, CA 92868
   *(714) 937-1010*
   *Attys for Defendants*

■   **BY MAIL**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Laguna Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐   **BY PERSONAL SERVICE**:  I delivered such envelope by hand to the offices of the address.

☐   **BY OVERNIGHT DELIVERY:**    I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐   **BY FACSIMILE TRANSMISSION**:  By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

EXECUTED on June 4, 2009, at Laguna Hills, California.  I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

KATHY FENNER